## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FREE BURMA SOCIETY LLC
21128 Stonecrop Pl
Ashburn VA 20147-5456

Plaintiffs

v.                                    Civil Action No. 24-

UR JADDOU
5900 Capital Gateway Drive
Mail Stop 220
Camp Springs MD 20588-0009

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
5900 Capital Gateway Drive
Mail Stop 220
Camp Springs MD 20588-0009

Defendants

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is a Freedom of Information Act [FOIA] case, challenging the administrative

process of defendants. US-CIS is engaged in the following unlawful policies or practices:

-it informs the requester that it is "withholding [a certain number of] pages in full;" but it

does not describe the withheld pages;

-it informs the requester that it has "considered the foreseeable harm standard," but it

does not describe what that harm is, nor does it claim that it would suffer harm in the future, or

that it would not;

-it then requires the requester to file an administrative appeal, when it knows the

requester cannot make an intelligent or meaningful appeal.

2. A requester asks for documents. CIS sends an "initial response" letter, that says it is withholding 57 pages in full, and that it "considered" the "reasonable harm" standard. CIS informs the requester of the right to file an "administrative appeal" of the denial. But, because the requester does not know what the withheld pages are, the requester cannot make a meaningful appeal. The requester does not know what "harm" the CIS considered. The requester does not know if CIS  foresees harm, or if it doesn't.

3. If the requester makes an appeal, he cannot make any real arguments, because he does not know anything. What would he say in his appeal? So, the appeal of the requester would be futile and a waste of time.

4. CIS very likely will uphold its initial decision on appeal; therefore, requiring exhaustion of administrative remedies would be futile and inefficient.

5. CIS knows what the withheld pages are. CIS is holding them in its hand. It would be easy for CIS to describe those documents. After being told about the documents, the requester may decide he is not interested in them, and he may decide there is no need to file an appeal. He may decide there is no need to file a complaint in court.

6. CIS knows if it foresees harm, or if it doesn't. It would be easy for CIS to so inform the requester. CIS will later claim in this litigation that it is concerned about an "interest" that would be harmed in some way, and that it "reasonably" foresees a particular harm to a particular interest. It would be easy for CIS to so inform the requester, immediately, in its initial response. After being given this information, the requester may decide he is persuaded, and he may decide there is no need to file an appeal. He may decide there is no need to file a complaint in court.

7. CIS has a policy and practice of providing inadequate initial determinations. Plaintiff's interest in immediate judicial review outweighs the agency's interest in managing and completing its administrative process.

## JURISDICTION

8. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

## VENUE

9. Venue is appropriate under 5 U.S.C. § 552(a) (4) (B), because the Court is in the District of Columbia.

## PARTIES

10. Plaintiff Free Burma Society LLC, is a nonprofit organization dedicated to assisting the people of Burma, especially those who suffer due to their pro-democracy political opinion. It publicizes and educates. It sets forth new asylum cases, briefs, reports, and analysis on the law surrounding these women and their issues. It has made FOIA requests in the past, and will continue to make FOIA requests in the future.

11. Defendant Ur Jaddou is the director of US-CIS and is sued in her official capacity. She has the duty to respond to FOIA requests.

12. Defendant U.S. Citizenship and Immigration Services ("CIS") is an agency within the meaning of 5 U.S.C. § 701-706, and has the duty to respond to FOIA requests. US-CIS is an agency within the meaning of 5 U.S.C. § 552(e) and 701(b)(1), and is in possession and/or control of the records requested by Plaintiff.

**FIRST CAUSE OF ACTION:**

**It violates the FOIA to withhold pages in full and not describe those pages**

13. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

14. Plaintiff made a FOIA request for all the records in the file of an individual. CIS received this request on June 6, 2024. CIS assigned Control Number NRC2024 288 407 to the request.

LETTER DATED JULY 17, 2024: PAGES WITHHELD "IN FULL"

15. CIS sent a letter dated July 17, 2024 to the plaintiff. That letter states: "We are withholding 57 pages in full. In our review of these pages, we have determined they contain no reasonably segregable portion(s) of non-exempt information." The letter is attached hereto as Exhibit B.

16. The letter contains no other description of the 57 withheld pages.

17. Plaintiff does not know what those pages are.

18. CIS knows exactly what those pages are. CIS reviewed them, and held them in its hand.

19. It would be easy for CIS to inform Plaintiff about these pages.

20. With more information, Plaintiff would be more able to determine if the pages are worth pursuing, worth making an administrative appeal, and/or worth seeking judicial review.

21. Some of the 57 pages are attached hereto inside Exhibit A:

    Page 522 is 100% blank.
    Page 588 contains a bar code, with no numbers and no words.

Page 500 says: "PAGE WITHHELD PURSUANT TO (b)(7)(C) (b)(7)(E)."

Page 479 contains many words and numbers. It says "FBI File." It has dates such as 9/02/08 and 5/29/08. It mentions "FINGERPRINTS." It also indicates that some information is redacted. Looking at page 479, Plaintiff can evaluate if it is worth its time to try to discover what was redacted.

22. CIS revealed much information on Page 479. CIS could easily do the same for the other pages.

23. Plaintiff should not be required to administratively appeal the agency's initial determination because, had it filed an administrative appeal, and then a complaint with the district court, it would have no standing to challenge the initial response of CIS.

24. Plaintiff is a repeat requester. Plaintiff will make requests in the future. The policy or practice of the agency will impair the plaintiff's lawful access to information in the future.

25. Plaintiff will be subject again to the policy or practice being challenged.

26. This policy or practice should not be immune from judicial scrutiny.

27. CIS did not adequately describe the documents withheld; therefore it did not make a determination.

28. The district court has discretion to overlook a failure to exhaust if "the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *American Hospital Association v. Azar,* 385 F.Supp.3d 1, 8 (D.D.C., 2019)

29. CIS has a policy or practice of providing inadequate initial determinations. Therefore, the plaintiff's interest in immediate judicial review outweighs the agency's interest in managing and completing its administrative process.

CIS MUST "IMMEDIATELY" INFORM THE REQUESTER
OF "THE REASONS" FOR CIS ACTIONS

30. The agency has the duty to "immediately" notify the requester of "the reasons" for the action of the agency. 5 U.S.C. § 552(a)(6)(A)(i)(I) provides that each agency "shall immediately notify the person making such request of...the reasons therefor."

31. "An agency must ordinarily notify a requester of its 'determination and the reasons therefor' within 20 business days of receiving a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i)." *Manivannan v. Department of Energy, National Energy Technology Laboratory,* 843 Fed.Appx. 481, 483 (4th Cir. 2021).

32. "The" reasons means "the real" reasons. It means the agency must inform the requester in simple terms why the agency acted as it did.

33. CIS is thwarting the right of FOIA requesters to make meaningful administrative appeals. CIS is wasting the time of requesters. CIS is wrongfully delaying the release of information to requesters.

34. The purpose of the FOIA is not merely to inform the requester of the agency's conclusion that a particular document is exempt from disclosure ... but to afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest." *Transgender Law Center v. Immigration and Customs Enforcement*, 46 F.4th 771, 782 (9th Cir. 2022)

PLAINTIFF HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES

35. Plaintiff has exhausted all administrative remedies.

36. If this plaintiff makes an administrative appeal, and that appeal is denied, the agency will inform the plaintiff that he can "seek judicial review," which means he can file a complaint in district court. But if that happens, the agency will argue that

a]the administrative process is not subject to review; and

b] the July 2024 letter is not subject to review.

37.Therefore, the only way for the plaintiff to challenge the July 2024 letter is to sue now.

38. Under these circumstances, the plaintiff need not exhaust his administrative remedies.

## SECOND CAUSE OF ACTION:

### It violates the FOIA if the agency fails to describe the "harm" it fears

39. Plaintiff  repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

LETTER DATED JULY 17, 2024: "FORESEEABLE HARM"

40. The July 17, 2024 letter states: "We have considered the foreseeable harm standard when reviewing the record set and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance."

41. The letter contains no further information about "the foreseeable harm standard."

42. The letter does not state what harm was considered by CIS.

43. The letter does not state that CIS would suffer harm if records were released.

44.  The letter does not state that CIS would *not* suffer harm if records were released.

45. The letter does not identify an "interest;" the letter does not state if disclosure would "harm" that interest, and, the letter does not state if that harm is or is not "reasonably" foreseeable. Later on in this litigation, CIS will proffer information on these subjects.

46. It would have been easy to so inform Plaintiff in the July 2024 letter.

CIS MUST "IMMEDIATELY" INFORM THE REQUESTER
OF THE "HARM" THAT CIS FEARS

47. For decades, the FOIA allowed an agency to withhold records, even when the agency would suffer no harm.

48. Congress was concerned that agencies were "overusing FOIA exemptions," and wrongly withholding records. Congress was concerned that agencies were abusing the law. So, in 2016 Congress amended the FOIA.

49. In the year 2016, the FOIA was amended, to add 5 U.S.C. § 552(a)(8)(A)(i), which provides: "An agency shall withhold information under this section *only if* the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b) ..." [emphasis added].

50. This new requirement "imposes an independent and meaningful burden on agencies."

51. As of the year 2016, the agency must identify an "interest;" then, the agency must determine that disclosure would "harm" that interest, and, the agency must determine that the harm is "reasonably" foreseeable. If the harm is remotely foreseeable, the information must be disclosed.

52. The agency must identify "an interest" protected by subsection (b). An agency may have an "interest" in avoiding criticism, for example. But such an interest is not protected by subsection (b). *Pavement Coatings Technology Council v. United States Geological Survey,* 995 F.3d 1014, 1022  (D.C. Cir. 2021).

53. The agency must "articulate both the nature of the harm [from release] and the link between the specified harm and specific information contained in the material withheld. H.R. Rep. No. 391, at 9." *Reporters Committee for Freedom of the Press v. Federal Bureau of Investigation*, 3 F.4th 350, 369 (D.C. Cir. 2021).

54. "Agencies cannot rely on "mere 'speculative or abstract fears,' or fear of embarrassment to withhold information. S. Rep. No. 4, at 8. Nor may the government meet its burden with 'generalized assertions.'" *Reporters Committee,* 3 F.4th at 369.

55. Agencies must make a "particularized inquiry into what sort of foreseeable harm would result from the material's release." *Reporters Committee* 3 F.4th 350, 369, note 2.

56. In *Reporters Committee,* the agency made boilerplate and generic assertions about future harm, and the Court ruled the agency had violated the FOIA. In the instant case, the agency has not made *any* assertions about any harm.

57. "Cookie-cutter formulations that nowhere explain why actual harm would foreseeably result from the release of the specific type of material at issue" are insufficient. *American Civil Liberties Union Foundation of Southern California v. United States Immigration and Customs Enforcement*, 2024 WL 3370532, at *8 (C.D.Cal., July 8, 2024)[cleaned up]. In the instant case, there are no formulations at all, "cookie-cutter" or not.

58. Courts have decided that some harms, such as criticisms, are not permissible harms under the FOIA.

59. CIS knows, or at least claims to know, whether or not it would actually suffer harm in the future. So, it should inform the requester. Without this knowledge, requesters cannot make a meaningful administrative appeal.

60. CIS is thwarting the right of FOIA requesters to make meaningful administrative appeals. CIS is wasting the time of requesters. CIS is wrongfully delaying the release of information to requesters.

61. The purpose of the FOIA is not merely to inform the requester of the agency's conclusion that a particular document is exempt from disclosure ... but to afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest." *Transgender Law Center v. Immigration and Customs Enforcement*, 46 F.4th 771, 782 (9th Cir. 2022)

62. CIS will not suffer any harm if the documents are released, or if it describes the harm in its initial response.

PLAINTIFF HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES

63. Each plaintiff has exhausted all administrative remedies.

64. If this plaintiff makes an administrative appeal, and that appeal is denied, the agency will inform the plaintiff that he can "seek judicial review," which means he can file a complaint in district court. But if that happens, the agency will argue that

a]the administrative process is not subject to review; and

b] the July 2024 letter is not subject to review.

65.Therefore, the only way for the plaintiff to challenge the July 2024 letter is to sue now.

66. Under these circumstances, the plaintiff need not exhaust his administrative remedies.

**PRAYER FOR RELIEF**

67. WHEREFORE, plaintiff prays that judgment be entered in its favor against defendants; and that the Court:

68. Order CIS to re-write its July 2024 letter to describe the "withheld in full" pages;

69. Order CIS to re-write its July 2024 letter to describe and give more information about the relevant "harm."

70. Declare that defendants' inaction and actions violate the FOIA;

71. Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S.C. §552(a) (4) (E); and

72. Grant all other such relief to the plaintiff as the Court deems proper and equitable.

Respectfully submitted,

/s/ *David L. Cleveland*
David L. Cleveland
DC Bar # 424209
Attorney for Plaintiff
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   <1949.david@gmail.com>