UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREE BURMA SOCIETY LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>UR JADDOU, Director, U.S. Citizenship &<br>Immigration Services, et al.,<br><br>               Defendants. | Civil Action No. 24-2335 (RBW) |

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants U.S. Citizenship and Immigration Services ("USCIS") and its Director Ur Jaddou, by and through the undersigned counsel, respectfully reply in support of their motion to dismiss Plaintiff Free Burma Society LLC ("Free Burma")'s complaint, ECF No. 12.[1]

### ARGUMENT

To state a Freedom of Information Act ("FOIA") policy or practice claim, a plaintiff must plausibly allege "facts establishing that the agency has adopted, endorsed, or implemented some policy or practice that constitutes an ongoing 'failure to abide by the terms of the FOIA.'" *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 293 (D.D.C. 2013) (quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988)). In its pleadings, Free Burma challenges two USCIS policies or practices that it argues violate FOIA—namely, USCIS's failure to describe, in its initial determination letter prior to litigation, either the (1) materials that it is withholding or (2) harm that it foresees disclosing such materials would cause. In moving to dismiss, USCIS explained that

---

[1]     USCIS withdraws its arguments that Free Burma lacks standing to raise and did not exhaust its administrative remedies as to its policy or practice claims.

Free Burma fails to state a FOIA policy or practice claim because FOIA does not require an agency to provide either of these types of information in its initial determination letter. Rather, USCIS explained, an agency must describe the materials that it is withholding and the harm that it foresees disclosing such materials would cause only in litigation after a requester has filed suit, not earlier.

Free Burma's response to these arguments is almost entirely devoid of legal analysis. Free Burma cites no FOIA provision, regulation, or case that requires an agency to describe the withheld materials or harm that it foresees disclosure would cause in its initial determination letter prior to litigation. That is because nothing in FOIA, USCIS's regulations, or case law imposes any such obligation. *See Nat'l Sec. Couns. v. CIA*, 898 F. Supp. 2d 233, 285 (D.D.C. 2012), *aff'd*, 969 F.3d 406 (D.C. Cir. 2020) ("the plain text of the FOIA does not require agencies to provide a list of withheld documents, but only to make a reasonable effort to estimate the volume of the documents withheld" (cleaned up, citing *Mobley v. Dep't of Just.*, 845 F. Supp. 2d 120, 124 (D.D.C. 2012))).

Indeed, the D.C. Circuit has squarely held that FOIA does "not require the agency at [the pre-litigation] stage . . . to provide a document-by-document *Vaughn* index, which . . . is a 'judicial rule' that 'governs litigation in court and not proceedings before the agency.'" *Khine v. Dep't of Homeland Sec.*, 943 F.3d 959, 967 (D.C. Cir. 2019) (quoting *Nat. Res. Def. Council, Inc. v. Nuclear Regul. Comm'n*, 216 F.3d 1180, 1190 (D.C. Cir. 2000)); *see also Citizens for Resp. & Ethics in Wash. v. FEC* ("*CREW*"), 711 F.3d 180, 187 n.5 (D.C. Cir. 2013) ("An agency is not required to produce a *Vaughn* index" prior to litigation). Although Free Burma does not demand information in the specific form of a *Vaughn* Index, this difference is one of form, not substance, as the information it seeks is functionally identical to a *Vaughn* Index. *Khine*, *Natural Resources Defense Council*, and *CREW*'s reasoning thus applies with equal force to Free Burma's claims. To

2

accept its claims would render those decisions empty letters, as a requester could circumvent those decisions simply by demanding the same information not in the specific form of a *Vaughn* Index.

Rather than point to any statute, regulation, or case that requires an agency to provide the desired information prior to litigation, Free Burma makes two observations, neither of which has legal relevance. First, Free Burma says that USCIS is capable of providing the desired information prior to litigation. *See* Pl.'s Resp. at 5, ECF No. 13 ("It would be easy for the agency to give *some* information about the record."). That is irrelevant—the notion that USCIS is capable of providing the desired information prior to litigation does not mean that FOIA requires USCIS to do so.

Regardless, USCIS could not provide the desired information in every initial determination letter it sends in response to a FOIA request without significantly bogging down its processing of FOIA requests. In Fiscal Year 2023 alone, USCIS received 391,969 new FOIA requests—i.e., over 32.5% of all new FOIA requests received that year across the entire United States government. *See* Dep't of Just. Off. of Info. Pol'y, Summary of Annual FOIA Reports for Fiscal Year 2023, at 5 (June 7, 2024) (Department of Homeland Security received 56% of all new FOIA requests received across the government), https://www.justice.gov/oip/media/1354721/dl; Dep't of Homeland Sec., Fiscal Year 2023 Freedom of Information Act Report to the Attorney General of the United States and the Director of Government Information Services 13 (Mar. 2024), https://www.dhs.gov/sites/default/files/2024-03/23_0325_fy23-FOIA_Annual_Report.pdf (USCIS received 391,969 new FOIA requests out of 674,856 requests received by Department of Homeland Security). And these figures are only increasing over time. *See Manatt v. Dep't of Homeland Sec.*, 473 F. Supp. 3d 409, 416 (E.D. Pa. 2020) ("USCIS receives approximately 20% of all FOIA requests across federal agencies, totaling more than 190,000 requests in 2019"); *ACLU of Me. Found. v. USCIS*, Civ. A. No. 20-0422, 2022 WL 1747863, at *3 (D. Me. May 31, 2022), *R. & R. adopted*, 2022 WL

4298419 (D. Me. Sept. 19, 2022) ("during Fiscal Year 2016, USCIS received 166,732 FOIA requests, and that number increased to 195,731 in Fiscal Year 2020, which represented more than twenty-five percent of the total FOIA requests the federal government received.").

Requiring USCIS to provide individualized descriptions of the materials being withheld and the harm it foresees disclosure would cause in every initial determination letter that it sends would dramatically slow FOIA processing, increasing both wait times for requesters and USCIS's backlog of pending requests. The benefit to requesters that imposing such a requirement on USCIS would yield, in turn, would be minimal if not trivial. That is because a requester that is dissatisfied with an agency's initial determination letter can promptly challenge the agency's response to its FOIA request as soon as the agency responds to its administrative appeal or twenty days after the agency receives the appeal (or thirty days in unusual circumstances), whichever is sooner. *See* 5 U.S.C. § 552(a)(3)(A)(ii), (B)(i), (C)(i). Imposing a requirement on USCIS to provide the desired information prior to litigation with every initial determination letter thus would impose a massive and crippling burden on USCIS, while providing little if any value for requesters.

Second, Free Burma argues that a requester cannot make an informed administrative appeal without the desired information. *See* Pl.'s Resp. at 14 ("a requester cannot make a meaningful administrative appeal under these circumstances"). That premise is doubtful, as discussed further below, but even taking it at face value, it still is irrelevant. FOIA's plain text neither requires an agency to provide the desired information prior to litigation nor "authorizes [a] court to impose additional procedures on the conduct of administrative rather than judicial proceedings." *Nat. Res. Def. Council*, 216 F.3d at 1191. Thus, as another judge in this District has explained, arguments "that the administrative process would be more meaningful if agencies were required to identify withheld documents at the administrative stage . . . are better directed at the political branches,"

not at federal courts. *Nat'l Sec. Couns.*, 898 F. Supp. 2d at 285. "The Judiciary's powers are limited to saying what the law is, and it would be inappropriate for the Court to add a substantial procedural requirement to the FOIA when there is no indication that Congress intended such a requirement to exist." *Id.* "This result may or may not rob the requester of his ability to intelligently appeal any decisions at the administrative level, but Congress elected not to grant requesters that ability." *Id.* (cleaned up). Free Burma's belief that requesters cannot submit meaningful administrative appeals without the desired information does not mean FOIA requires USCIS to provide this information.

Further, Free Burma is mistaken in arguing that a requester requires additional information to submit a meaningful administrative appeal.[2] A requester need not provide detailed information to submit an administrative appeal—only "the component determination . . . that is being appealed" and "the reasons the requester believes the determination was erroneous." 6 C.F.R. § 5.8(a)(1); *see also Hall & Assocs. v. EPA*, 77 F. Supp. 3d 40, 47 (D.D.C. 2014) (requesters must only "be at least somewhat specific regarding the bases for their appeals"). USCIS, knowing it will bear the burden in court to justify its withholdings, *see* 5 U.S.C. § 552(a)(4)(B), has ample incentive to carefully reconsider its withholdings no matter how much information a requester adduces with its appeal.

And if a requester is dissatisfied with USCIS's response to its administrative appeal, it can challenge the response to its FOIA request in court. *See* 5 U.S.C. § 552(a)(4)(B); *Nat'l Sec. Couns.*, 898 F. Supp. 2d at 285 ("FOIA provides requesters with the opportunity for *de novo* judicial review of all withholding decisions—an ample and powerful procedural mechanism"). While Free Burma

---

[2]    Free Burma's assertion that "USCIS admits that a requester cannot make a meaningful administrative appeal under these circumstances," Pl.'s Resp. at 14, is incorrect. USCIS said only that even assuming a requester cannot make a meaningful administrative appeal without the information that Free Burma desires, that does not oblige USCIS to provide this information in an initial determination letter prior to litigation. By assuming the premise of the issue to demonstrate that it nonetheless lacks merit, USCIS did not concede that premise.

would prefer for agencies to provide the information it desires without need for a requester to sue at all, that simply is not the statute that Congress wrote. Rather than require agencies to provide requesters the information Free Burma desires prior to litigation, Congress authorized requesters to sue to challenge agencies' responses to their FOIA requests. *Id.* In so doing, Congress chose that litigation must be how requesters obtain this information, *id.*, a choice that requires respect.

Last, throughout its opposition, Free Burma occasionally speaks as though it were asserting a challenge specifically to USCIS's July 17, 2024, initial determination letter rather than a broad policy or practice claim, but any such claim would fail for three reasons. *First*, Free Burma raised only a policy of practice claims in its complaint, thus forfeiting a specific challenge to a particular initial determination letter. *See* Compl. at 4-10, ECF No. 1; *Metroil, Inc. v. Exxonmobil Oil Corp.*, 672 F.3d 1108, 1117 (D.C. Cir. 2012) (plaintiff "did not assert that claim in its complaint, and we therefore do not consider it"). *Second*, the D.C. Circuit has held a plaintiff must administratively appeal an agency's initial determination letter, and Free Burma indisputably did not do so. *See Khine v. Dep't of Homeland Sec.*, 943 F.3d 959, 965 (D.C. Cir. 2019) (rejecting argument "that [requester] should not be required to administratively appeal the agency's initial determination"). While Free Burma perhaps did not need to exhaust a policy or practice challenge to USCIS's initial determination letters generally, *id.* at 968, it needed to exhaust any challenge to a specific initial determination letter, *id.* at 965. *Third*, Free Burma's challenges to the initial determination letter rest on the same legal grounds as its policy or practice claims, and thus fail for the same reasons.

*         *         *

**CONCLUSION**

For the foregoing reasons, this Court should dismiss Free Burma's complaint.

Dated: November 15, 2024            Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ Bradley G. Silverman*
         BRADLEY G. SILVERMAN, D.C. Bar #1531664
         Assistant United States Attorney
         601 D Street, NW
         Washington, DC 20530
         (202) 252-2575
         bradley.silverman@usdoj.gov

*Attorneys for the United States of America*